IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELISSA LYNCH,**<br>2246 S Street SE<br>Washington, D.C.  20020,<br><br>         **Plaintiff,**<br><br>         v.<br><br>**APPLE INC.,**<br>One Apple Park Way<br>Cupertino, CA 95014<br><br>         **Defendant.** | Case No.  1:21-cv-01336 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Apple Inc. ("Apple"), by counsel, hereby files its Notice of Removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

Defendant bases its removal on the following grounds:

1. On April 12, 2021, Plaintiff Melissa Lynch filed an action against Defendant in the Superior Court for the District of Columbia, captioned *Melissa Lynch v. Apple Inc.,* No. 2021 CA 001144 B.  A copy of the Complaint is attached hereto and marked as Exhibit A.  A copy of the Summons is attached hereto and marked as Exhibit B.

2. Defendant acknowledged service of the Summons and Complaint on April 23, 2021, and has timely filed this removal within thirty (30) days in accordance with 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

3. In addition to the Summons and Complaint, Defendant was served with the D.C. Superior Court Initial Order and Addendum. True and correct copies of these documents and other related court documents are included in Exhibit C.

4. Removal of this action is appropriate because there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332. Plaintiff resides in, and is therefore a citizen of, the District of Columbia. *See* Ex. A, Compl., Case Caption. Apple is incorporated in California with its corporate headquarters and principal place of business in Cupertino, California. *See* Exhibit D, Declaration of Mark Rollins at ¶ 3. Consequently, Apple is a citizen of California. *See Hertz v. Friend*, 559 U.S. 77, 78-79 (2010) (for purposes of diversity jurisdiction, a corporation's "principal place of business" is normally the location of its headquarters).

5. Additionally, the amount in controversy exceeds the jurisdictional minimum for removal based on diversity of citizenship. Federal Courts have "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

6. If a complaint does not specify the amount in controversy, as here, the court may undertake an independent assessment of whether the amount in controversy meets jurisdictional requirements. *Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 64 (D.D.C. 2011). As the removing party, Defendant has the burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. 1446(c)(2)(B). *See Gebretsadike v. Travelers Home & Marine Ins. Co.*, No. 1:14-cv-02059, 2015 WL 2197955, at *2 (D.D.C. May 11, 2015) (when a plaintiff seeks an unspecified amount of damages, a removing defendant "must establish the amount in controversy by a preponderance of the evidence").

7. Here, Plaintiff has stipulated that the amount in controversy in this matter exceeds $75,000. *See* Exhibit E, Stipulation Regarding Amount in Controversy. This is borne out by the allegations and claims set forth in the Complaint. Plaintiff asserts claims for unlawful termination of employment, and she seeks economic damages including front pay and back pay; compensatory damages; punitive damages; and attorneys' fees and costs. *See* Ex. A, Compl. Prayer for Relief. At the time of Plaintiff's termination of employment, her annual salary was $185,868. Ex. D, ¶ 4. Therefore, if Plaintiff were to succeed on the merits of her claims, her recovery could easily exceed $75,000.

8. Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing Notice of Removal on Plaintiff, and has filed such Notice with the Clerk of Court for the Superior Court for the District of Columbia. *See* Defendant's Notice of Filing Notice of Removal attached hereto as Exhibit F.

WHEREFORE, Defendant files this Notice of Removal so that the entire court action under Civil Action Number 2021 CA 001144 B now pending in the Superior Court for the District of Columbia is removed to this Court for all further proceedings.

Dated:  May 14, 2021

       Respectfully submitted,

       OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

       */s/ Christopher E. Humber*
       DC Bar No. 462447
       1909 K Street, N.W., Suite 1000
       Washington, D.C.  20006
       Tel: (202) 887-0855
       Fax: (202) 887-0866
       chris.humber@ogletree.com

       *Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was electronically filed via the Court's ECF filing system on this May 14, 2021, with a copy served by electronic mail to:

Kellee Boulais Kruse, DC Bar 994450
R. Scott Oswald, DC Bar 458859
The Employment Law Group, P.C.
888 17th Street, N.W., 9th Floor
Washington, DC  2000
Tel.:  (202) 261-2806
Fax:  (202) 261-2835
soswald@employmentlawgroup.com
kkruse@employmentlawgroup.com

*Counsel for Plaintiff*


OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

 /s/ Christopher E. Humber
DC Bar No. 462447
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel: (202) 887-0855
Fax: (202) 887-0866
chris.humber@ogletree.com

*Counsel for Defendant Apple Inc.*